# NO. 12-13-00286-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| TA'VARIS JONES,<br>APPELLANT | § | APPEAL FROM THE 159TH |
| V. | § | JUDICIAL DISTRICT COURT |
| THE STATE OF TEXAS,<br>APPELLEE | § | ANGELINA COUNTY, TEXAS |

### MEMORANDUM OPINION
### PER CURIAM

This appeal is being dismissed for want of jurisdiction. Following a guilty plea, Appellant was convicted of assault family violence, and his sentence was imposed in open court on July 24, 2013.

An appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court when, as in this case, no motion for new trial is timely filed. *See* TEX. R. APP. P. 26.2(a)(1). Therefore, Appellant's notice of appeal was due to have been filed on or before August 23, 2013. Appellant did not file his notice of appeal until August 29, 2013. Consequently, the notice of appeal was untimely.

On September 10, 2013, this court notified Appellant that his notice of appeal was untimely filed and that there was no timely motion for an extension of time to file the notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. In response, on September 16, 2013, Appellant filed a motion to extend the time for filing his notice of appeal.

An appellate court may extend the time for filing a notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the appellant files a notice of appeal in the trial court and a motion complying with Texas Rule of Appellate Procedure 10.5(b) in the appellate court. TEX. R. APP. P. 26.3. In this case, Appellant's motion for extension of time was due to

have been filed on or before September 9, 2013.  *See **id***.  However, Appellant did not file his motion until September 16, 2013.  Therefore, his motion was untimely and did not extend the time for filing his notice of appeal.  *See **id***.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed.  *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered September 25, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 25, 2013**

**NO. 12-13-00286-CR**

**TA'VARIS JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2012-0491)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J. and Hoyle, J.*